FILED
DEC 21 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

L. Olivia Brown
B. K. Brown
J. L. Brown
C. O. Gordon
A. M. Gordon
2641 Wade Road SE
Washington, DC 20020

    Plaintiffs

    vs

Erica Fogle
Social Worker, Child and Family Services
2400 Sixth Street SW
Washington, DC 20024

Lateefa Salaam
Social Worker, Child and Family Services
2400 Sixth Street SW
Washington, DC 20024

Dr. Roque Gerald
District of Columbia
Department of Child and Family Services
2400 Sixth Street SW
Washington, DC 20024

Police Officer Tyrone Wallace
Badge # 4501, Sixth District
2701 Pennsylvania Ave SE
Washington, DC 20019

Police Officer Stephen Haynes
Badge # 4510, Sixth District
2701 Pennsylvania Ave SE
Washington, DC 20019

Sergeant Michael Pulliam
Badge # T976, Sixth District
2701 Pennsylvania Ave SE
Washington, DC 20019

Case: 1:10-cv-02217
Assigned To : Huvelle, Ellen S.
Assign. Date : 12/21/2010
Description: Pro Se Gen. Civil

RECEIVED
DEC 0 1 2010
Clerk, U.S. District and
Bankruptcy Courts

1

Police Officer Badge T9267
Sixth District
2701 Pennsylvania Ave SE
Washington, DC  20019

Police Chief Cathy Lanier
Police Headquarter
301 C Street NW
Washington, DC  20003

    Defendants

I. Jurisdiction and Venue

1. Plaintiffs bring this civil rights lawsuit pursuant to USC Code 1983 to redress the deprivation, by the Defendants under the color of law, of rights secured to them under the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is conferred upon this Court by 28 USC Section 1343(3) and 1343(4), which provide for original jurisdiction in this Court of all suits pursuant to 42 USC 1983. Jurisdiction is also conferred on this Court by USC 1331(8) because the cause of action arises under the Constitution and the laws of the United States.

3. Venue properly lies in the District of Columbia pursuant to 28 USC 1391 and 1392, in that all of the parties reside or are employed in this federal district and all events alleged herein occurred in this federal district.

II. Parties

4. Plaintiffs Lisa Brown is the parent of Plaintiffs Bruce Brown, Jewel Brown, Carlos Gordon and Angel Gordon, all minors. The Gordon-Browns are United States citizens and reside in Washington, DC.

5. Defendant Lateefa Salaam and Erica Fogle are employees of Washington DC Department of Child and Family Services, and at all times relevant to this action acted in its behalf and the course and scope of their employment.

6. Defendant Washington DC Department of Child and Family Services (Child Protection Services) (CPS) is the agency which promulgated the policies, planes and procedures pursuant to which Defendants Lateefa Salaam and Erica Fogle committed the acts complained of herein, and is located in Washington, DC.

7. Defendants Tyrone Wallace, Stephen Haynes and Michael Pulliam are police officers employed by the Washington DC Police Department (Police Department) and at all times relevant to this action acted on its behalf in the course and scope of their employment.

8. Defendant Cathy Lanier is the Chief of Police of the Washington DC Metropolitan Police Department who, both personally and by promulgation of policies, plans and procedures, authorized and approved the acts of Defendants Wallace and Haynes complained of herein.

9. Washington DC Department of Child and Family Services is an agency created, authorized and empowered by the District of Columbia government doing business in Washington DC, which has expressly or implicitly authorized and approved the polices, plans and procedures pursuant to which such agency and its employees committed the acts complained of herein.

III. FACTS

10. On March 29, 2010, Defendants Salaam and Fogle went to the Plaintiff's' residence at 4241 Fort Dupont Terrace SE, Washington, DC, in response to an anonymous complaint concerning the childrens supervision. Defendants Wallace, Haynes and Pulliam were also accompanied by the two social workers in question.

11. On this occassion and six Metropolitan Police Officers demanded entry into the residence of Lisa Gordon Brown and her four children (Bruce Brown, Jewel Brown, Carlos Gordon and Angel Gordon). This incident involved Fourth Amendment violations of the US Constitution, which clearly state that all citizens have the right to be safe and secure in their homes. This case also involved Civil Rights violations under the COLOR OF LAW. This code clearly states that government workers/ officials can be held accountable both in civil court and criminal court. These individuals violate the rights of citizens and have the impression that are not subjected to Constitutional law and accountability.

12. Plaintiff Brown notified Defendants Salaam on a previous occasion that a search warrant signed by a judge would be necessary to come into the Plaintiff's residence. Upon determining that no search warrant was presented, Plaintiff and minor plaintiffs were exiting their home through the rear door and preceeded to walk from their home, when they were stopped by Metropolitan Police, identified by the social workers and coerced against their will while under duress to go back into the residence.

13. The two social workers and six police officers combed through the residence, questioning about living quarters, toilet paper, clean clothes, and food in the refrigerator. At no time did the Plaintiff consent to this procedure.

14. Upon further inquiry from Plaintiff, Defendants confirmed that although

did not have a warrant, their agency policy compelled them to obtain entry and perform an inspection, regardless of the true merits of the complaint. "This is just a part of our job", "we must complete a report, for our job to be complete".

15. Although Defendants recommended certain precautions or improvements, Defendants concurred that there existed no conditions which posed any imminent hazard to the Gordon-Brown children

IV CAUSES OF ACTION

16. Plaintiffs incorporate as if fully rewritten herein the allegations of Paragraphs 1 and 15 and allege further:

17. The warrantless entry and search of Plaintiff's home by Defendants Salaam and Fogle, as assisted by six MPD officers, without a search warrant or other court order, without free and voluntary consent, and without evidence of exigent circumstances, was a violation of the Plaintiff's rights under the United States Constitution to be secure in their persons and home against unreasonable searches and seizures.

18. The scope and intrusiveness of Defendants' search exceeded the standards of reasonableness prescribed by the Fourth and Fourteenth Amendments of the United States Constitution.

19. Defendants at Metropolitan Police violated clearly established statutory or constitutional rights which a reasonable person in their positions should have known.

20. Defendants' illegal searches and seizures were part of a custom, policy or practice of Defendants CPS social workers and MPD police. Plaintiffs are entitled to declaratory relief such that policies and practices are unconstitutional and must cease.

21. Department of Child and Family Services and Metropolitan

Police Department and Defendant Roque failed to provide proper training for their agents in the field, thereby resulting in the violation of Plaintiffs' constitutional rights as described herein.

22. Department of Child and Family Services and Metropolitan Police Department and Defendant Roque failed to promulgate polices, plans and procedures designed to protect the civil rights of families accused of child abuse, and thereby resulting in violations of the Plaintiffs' constitutional rights as described herein.

23. Upon information and belief, Defendants - Child and Family Services, MPD, and Defendant Roque authorized and approved of conduct which manifests a deliberate indifference to the constitutional rights of families accused of child abuse or neglect,

V. Causes of Action

24. Defendants Fogle and Salaam along with six member of MPD have committed against Plantiffs the tort of assault, by intentionally and snowily put Plaintiffs in apprehension of an imminent battery.

25. Defendants Child and Family Services and MPD are vicariously liable for the acts of the individual defendants in assaulting Plaintiffs.

26. The Defendants actions were intentional and outrageous, causing Plaintiffs to suffer intentional infliction of emotional distress.

27. Each of the foregoing Defendants entered into a conspiracy with one another, as defined by both District and federal, for the purpose of violating Plaintiffs' jurisdictional and feeder constitutional, statutory and common law rights as described herein.

28. In so conspiring, the Defendants collectively and/or individually committed numerous overt acts in the course and furtherance of the conspiracy, as will be established more fully at trial.

29. Plaintiffs allege that a result of their civil rights under 42 U.S.C. Subsection 1983 and violations under District law as described above, they have suffered and will continue to suffer for an as yet undetermined length of time the following; monetary loss, physical suffering, mental suffering, embarrassment, humiliation, loss of enjoyment of life and loss of parental consortium and support.

WHEREFORE, Plaintiffs respectfully pray that this court:

a. Issue a declaratory judgement that the policy of Defendants described in the paragraphs herein are violations of Plaintiffs' civil rights protected by the Fourth and Fourteenth Amendments and should be permanently enjoined;

b. Award compensatory damages in favor of each of the individual plaintiffs, including the minor children, in the amount of $10,000,000;

c. Award punitive damages against each of the individual Defendants in the amount of $2,000,000 for the willful and wanton disregard of the rights of Plaintiffs, and $1,000,000 damages against each of the agency defendants, Child and Family Services social workers and Metropolitan Police;

d. Grant the Plaintiffs such other relief as may be necessary and proper;

e. Grant the Plaintiffs a trial by jury when the issues are joined.

f. Plaintiffs hereby demand trial of all issues by a jury comprised of the maximum number of jurors permitted by law.

_____, a.v.
Plaintiff Pro-Se